IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DONNA NICOLE CARPENTER, Veteran, Desert Shield;<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES INTERNAL REVENUE SERVICE,<br><br>Defendant. | 4:25CV3119<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on Plaintiff Donna Nicole Carpenter's Complaint filed on May 27, 2025. Filing No. 1. Plaintiff has been granted leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff has sued the United States Internal Revenue Service. The following summarizes Plaintiff's allegations.

For a veteran, taxation to fund Medicare is taxation without representation. Since a veteran is guaranteed medical benefits for life, Medicare is of no value to a veteran. Having more than paid the price in blood, and loss of life and limb for their health care, veterans are entitled to be exempt from the responsibility to pay taxes to fund Medicare and benefits under the Affordable Care Act. The veterans of America ask the Court to order that veterans need not pay these taxes.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis and prisoner complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for

2

relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## III. DISCUSSION

Plaintiff is not an attorney. She can file a lawsuit on her own behalf, but a non-attorney litigant cannot represent someone else in federal court. *Chatman v. Omaha Hous. Auth*, No. 8:24-cv-293, 2025 WL 1827309, at *1 (D. Neb. July 2, 2025). So, Plaintiff cannot pursue this lawsuit on behalf of all veterans. Filing No. 1 at 3.

Under Article III of the Constitution, a federal court cannot preside over a lawsuit if there is no case or controversy to resolve. For there to be a case or controversy under Article III, "the plaintiff must have a 'personal stake' in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (citing *Raines v. Byrd*, 521 U.S. 811, 819 (1997)). A plaintiff suing in federal court must allege "(i) that [s]he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id*.

Based on a review of her complaint, Plaintiff has not alleged how she, personally, is negatively impacted by the taxation laws she is challenging. Her complaint does not plead a case or controversy over which this Court can exercise jurisdiction.

## IV. CONCLUSION

The Court is required to dismiss a complaint, or any portion of it, that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Plaintiff's complaint is frivolous and fails to state a potentially viable claim. It must be dismissed.

IT IS THEREFORE ORDERED:

1. This matter is dismissed without prejudice.
2. A separate judgment will be entered.

Dated this 30th day of September, 2025.

BY THE COURT:

*(signature)*

John M. Gerrard
Senior United States District Judge